UNITED STATES DISTRICT COURT
DISTRICT OF ARKANSAS

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

DEC 2 6 2017

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

SHIRLEY KEIMIG, Individually,

       Plaintiff,

v.

KRUPALI HOSPITALITY INC.
A Domestic Company
       Defendant

_____ /

Case No. 17-5264 TLB

**COMPLAINT**

      Plaintiff, Shirley Keimig (hereinafter "Plaintiff"), hereby sues the Defendant, Krupali
Hospitality Inc., a Domestic Company (hereinafter "Defendant"), for Injunctive Relief, and
attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42
U.S.C. §12181 et seq. ("ADA"). In support thereof, Plaintiff states:

1.     This action is brought by Shirley Keimig, and all persons similarly situated, pursuant to the
enforcement provision of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C.
12188(a) against the owners and/or operators of the Days Inn.

2.     This Court has jurisdiction pursuant to the following statutes:

       a.     28 U.S.C. §1331, which governs actions that arise from the Defendant's
violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. See
also 28 U.S.C. §2201 and §2202.

       b.     28 U.S.C. §1331, which gives District Courts original jurisdiction over civil
actions arising under the Constitution, laws or treaties of the United States; and

1

   c.  28 U.S.C. §1343 (3) and (4), which gives District Courts jurisdiction over

actions to secure civil rights extended by the United States government.

3.  Venue is proper in this judicial district and division. Defendant does business in the State

of Arkansas, and all of the acts of discrimination alleged herein occurred in this judicial district

and division.

## PARTIES

4.  Plaintiff Shirley Keimig is a resident of Butler County, Kansas, utilizes a motorized

scooter to ambulate, and is an individual with a disability within the meaning of ADA, 42 U.S.C.

12102(2), 28 C.F.R. 36.104.

5.  Plaintiff Shirley Keimig is substantially limited in performing one or more major life

activities, including but not limited to, walking and standing.

6.  Plaintiff Shirley Keimig travels to Fayetteville Arkansas every year to attend a pottery

show.

7.  Plaintiff Shirley Keimig was a patron at the Days Inn, located at 523 South Shiloh Drive,

Fayetteville, Arkansas.

8.  The Days Inn is a place of public accommodation within the meaning of Title III of the

ADA, 42 U.S.C. 12181, 28 C.F.R. 36.104.

9.  Defendant owns, leases, leases to, or operates the Days Inn, and is responsible for

complying with the obligations of the ADA.

## COUNT I

## VIOLATION OF THE ADA

10.    Plaintiff realleges paragraphs one (1) through nine (9) of this Complaint and incorporates them here as if set forth in full.

11.    Plaintiff was a patron at Days Inn on September 1, 2017.

12.    Plaintiff had made a reservation to stay for three (3) days at the hotel.

13.    Plaintiff could not utilize the alleged accessible room that she had reserved because of all the barrier to access that were present.

14.    Plaintiff informed Defendant that the room was not accessible, but was denied any assistance or help from Defendant.

15.    Defendant was rude, inconsiderate and demeaning to Plaintiff because of her disability

16.    Plaintiff, due to the inaccessible room, was forced to leave Defendant's hotel and find another hotel that would accommodate her.

17.    Defendant further discriminated against Plaintiff by failing to refund any of the money she had spent for the hotel room.

18.    Plaintiff plans to return the property again in September 2018, to avail herself of the goods and services offered to the public at the property but for the barriers in existence that deter her from doing so.

19.    There are numerous architectural barriers present at the Days Inn that prevent and/or restrict access by Plaintiff, in that several features, elements, and spaces of the Days Inn are not

accessible to or usable by Plaintiff, as specified in 28 C.F.R 36.406 and the Standards for

Accessible Design, 28 C.F.R., Pt. 36, Appendix A ('the Standards").

20.     Plaintiff, upon visiting the property, personally suffered discrimination because of her

disability.

21.     There are several elements and spaces that Plaintiff personally encountered and which

discriminated against her based upon her disability, such as:

        a.      There is no accessible room for a disabled individual who operates a scooter to

utilize.

        b.      There is no roll-in shower for a disabled individual who operates a scooter to

utilize.

        c.      Defendant fails to properly train and educate their employees in how to interact

with those individuals with disabilities.

        d.      Defendant maintains a policy to not train their employees in how to interact with

those individuals with disabilities.

22.     The discriminatory violations described in paragraph 21 of this Complaint are not

an exclusive list of the Defendants' ADA violations. The Plaintiff has been denied access to, and

has been denied the benefits of, services, programs and activities of the Defendant's buildings

and facilities, and have otherwise been discriminated against and damaged by the Defendants

because of the Defendants' ADA violations, as set forth above.

23.     The Plaintiff will continue to suffer such discrimination, injury and damage without the

immediate relief provided by the ADA as requested herein. The Plaintiff, has been denied access

to, and has been denied the benefits of services, programs and activities of the Defendants'

buildings and its facilities, the opportunity to use such elements, and have otherwise been
discriminated against and damaged by the Defendants because of the Defendants' ADA
violations, as set forth above.

24.     Plaintiff has standing to sue for every barrier to access for the mobility-impaired that
exists on the subject premises. Shirley Keimig has standing to require that all barriers to access
on the property for the mobility-impaired are corrected, not merely only those Shirley Keimig
personally encountered.

25.     Defendants' failure to remove the architectural barriers identified in paragraph twenty-one
(21) constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. 12188
(b)(1)(B)(i) and 28 C.F.R. 36.503 (a).

26.     It would be readily achievable for the Defendant to remove the architectural barriers
identified above.

27.     It would be readily achievable for the Defendant to train and educate their employees and
staff on how to interact with patrons with a disability.

28.     Defendant is required to remove the existing architectural barriers to the physically
disabled when such removal is readily achievable for its place of public accommodation that
have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an
alteration to Defendant's place of public accommodation since January 26, 1992, then the
Defendant is required to ensure to the maximum extent feasible, that the altered portions of the
facility are readily accessible to and useable by individuals with disabilities, including
individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one
which was designed and constructed for first occupancy subsequent to January 26, 1993, as

defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

29.     The Defendant has discriminated against Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq. and 28 CFR 36.302 et seq

30.     Defendant continues to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

31.     Shirley Keimig has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described, but not necessarily limited to, the allegations in paragraph 21 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violations of the ADA by the Defendants.

32.     Plaintiff is aware that it will be a futile gesture to re-visit the property until it becomes compliant with the ADA.

33.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

34.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees

and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

35.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to make the property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

36.     Because Defendant has engaged in the acts and practices described above, Defendant has violated the law as alleged in this Complaint and unless restrained by this Honorable Court, Defendant will continue to violate the Constitution and laws of the United States of America, and will cause injury, loss and damage to the Plaintiff, and all others so similarly situated.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

A.     Declare that Defendant has violated title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq, 28 C.F.R. pt. 36.

i.     by failing to bring the Days Inn into compliance with the Standards where it is readily achievable to do so;

ii.     by failing to take other readily achievable measures to remove architectural barriers to access when it is not readily achievable to comply fully with the Standards; and

iii.     by failing to train and educate their employees regarding the ADA.

B.     Order Defendant:

     i.      to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA;

     ii.     to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

     iii.    to train and educate their employees and staff in how to interact with individuals with a disability in regards to the ADA.

C.     Award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

D.     Order such other appropriate relief as the interests of justice may require.

Respectfully Submitted,

/s/ Pete M. Monismith
Pete M. Monismith
3945 Forbes Ave., #175
Pittsburgh, PA 15213
724-610-1881 (phone)
412-258-1309 (fax)
pete@monismithlaw.com